IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Action No. 1:25-cv-02054-LTB
Adversary Proceeding No. 24-01249-JGR

IN RE: ADVANCED URGENT CARE, LLC,

        Debtor.


ZIP CLINIC MANAGEMENT, LLC,
ROCK OAK CAPTIAL FUND I, LLC,
PRACTICE VELOCITY, LLC,
EXPERITY HEALTH, and
DR. DAVID STEARN,

        Appellants,

v.

BROADWAY AND ELLSWORTH, LLC and
TAZ3, LLC,

        Appellees.

---

ORDER

---

The Appellants (Zip Clinic Management, LLC; Rock Oak Capital Fund I, LLC; Practice Velocity, LLC; Experity Health; and Dr. David Stearn – collectively referred to as the "Appellants/Guarantors") appeal from the Bankruptcy Court's order denying them relief pursuant to Federal Rule of Civil Procedure 60(b), and the subsequent judgment entered in favor of the Appellees (Broadway and Ellsworth, LLC; and TAZ3, LLC – collectively referred to as the "Appellees/Landlords"). I AFFIRM the Bankruptcy Court's ruling as follows.

## I. PRELIMINARY MATTERS

The Appellants/Guarantors filed a Notice of Appeal on July 2, 2025, in which they appeal the Bankruptcy Court's "Judgment and Order on Motion for Relief from Order Granting Fees And Costs" ECF #1 at 2[1], and, in so doing, elected to have their appeal heard by the United States District Court rather than the Bankruptcy Appellate Panel. *Id.*; AP #44. *See* 28 U.S.C. § 158(a)(1), (b)(1), and (c)(1); Fed. R. Bankr. P. 8002. Both parties have filed statements requesting oral arguments with this Court. ECF #4 & #8. However, after a full review of the Adversary Proceeding, and the parties' briefing and arguments raised here, I determine that oral argument is unnecessary because "the facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument." Fed. R. Bankr. P. 8019(b)(3).

## II. UNDERLYING FACTS

Pre-petition, the Debtor, Advanced Urgent Care, LLC, purchased three urgent care clinics from Appellants Zip Clinic Management and Rock Oak Capital Fund in April of 2022. One of the clinics was located in Westminster, Colorado. As part of that sale, the landlord, Appellee TAZ3, agreed to allow the Debtor to take over the commercial lease on the clinic property ("the Westminster Lease"), and the Appellants/Guarantors agreed to guaranty performance under the lease (the

---

[1] Citation to pleadings filed in the Adversary Proceeding (Adversary Proceeding No. 24-01259-JGR) are designated as "AP #" and reference the docket document and page number generated by the Case Management/Electronic Case Files system ("CM/ECF") in that case. The CM/ECF Live Database for the Adversary Proceeding can be found at ECF #1-2. When citing to pleadings filed in this appeal (Case No. 25-cv-2054-LTB), I cite to the "ECF #" and reference the docket document and page number assigned in this case.

"Westminster Guaranties"). AP #24-2, -4, -5 & -6. The Debtor allegedly subsequently defaulted on the terms of the Westminster Lease, and Appellee TAZ3 filed suit in Adams County District Court in December of 2023 (Case No. 2023CV031676) alleging breach of contract against the Debtor, and that the Appellants Zip Clinic, Rock Oak Capital, and Practice Velocity were liable as guarantors under the Westminster Guaranties.

The Debtor also purchased a clinic located on Broadway in Denver, Colorado. As part of the sale of the Denver clinic, the landlord, Appellee Broadway & Ellsworth, likewise agreed to allow the Debtor to take over the lease on the clinic property (the "Broadway Lease"), and the Appellants/Guarantors agreed to guaranty performance under the lease (the "Broadway Guaranty"). AP #24-1 & -3. Because the Debtor also allegedly defaulted on the terms of the Broadway Lease, and Appellee Broadway & Ellsworth filed suit in Denver District Court in February of 2024 (Case No. 2023CV031676) alleging breach of contract against the Debtor, and that the Appellants Zip Clinic and Rock Oak Capital were liable as guarantors under the Broadway Guaranty. The Westminster and Broadway Leases and the related Guaranties are collectively referred to herein as the "leases and guaranties."

The Debtor thereafter sought bankruptcy protection under Chapter 11 of the Bankruptcy Code, 11 U.S.C. § 101, *et. seq.*, in May of 2024, in Case Number 24-14536-JGR. Upon this filing, the state court cases against the Debtor were automatically stayed pursuant to 11 U.S.C. § 362(a)(1).

### III. ADVERSARY PROCEEDINGS

The Appellants/Guarantors subsequently filed the Adversary Proceeding at issue here on November 8, 2024, in Adversary Case Number 24-10259-JGR. AP #1. In their Complaint for Injunctive and Declaratory Relief, the Appellants/Guarantors sought injunctive relief in the form of an order extending the automatic stay afforded to the Debtor to their obligations under the leases and guaranties until confirmation of a plan of reorganization. *Id.* at 4-6. As such, the Appellants/Guarantors sought declaratory judgment from the Bankruptcy Court declaring that the automatic stay was applicable to the entirety of the claims asserted against them by Appellees/Landlords in the state court cases. In support of these requests, the Appellants/Guarantors asserted that "unusual circumstances" existed justifying the extension of the automatic stay to them as non-debtor third parties. *Id.* at 6-7.

The Bankruptcy Court disagreed and granted the Appellees/Landlords Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), incorporated by Fed. R. Bankr. P. 7012 – via an oral ruling on March 13, 2025 – by finding that the Appellants/Guarantors failed to prove the existence of usual circumstances necessary to warrant an extension of the automatic stay. AP #22. *See Oklahoma Federated Gold & Numismatics, Inc. v. Blodgett*, 24 F.3d 136, 141 (10th Cir. 1994) (ruling that while a bankruptcy petition operates as a stay of a judicial proceeding against the debtor, the general rule is that the stay provision does not extend to solvent codefendants of the debtor, although a narrow exception applies in

unusual situations such as "when there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor") (citations omitted). Judgment was entered in favor of the Appellants/Guarantors. AP #23. This ruling has not been challenged on appeal.

Following the dismissal of the Adversary Proceeding, the Appellees/Landlords filed a Motion For Attorney's Fees And Costs in which they sought the fees and costs they incurred to defend the Adversary Proceeding. AP #24. The Appellees/Landlords asserted that they were entitled to an order, as the prevailing parties, awarding them their fees and costs based on relevant provisions in the leases and guaranties. *Id.* at 2-3. The Appellants/Guarantors failed to respond the motion, and the Bankruptcy Court subsequently awarded the Appellees/Landlords their fees and costs incurred, on April 15, 2025, after finding that they were reasonable under a lodestar analysis. AP #26 (the "Order Granting Request for Fees And Costs").

Ten days later, on April 25, 2025, the Appellants/Guarantors filed a Motion for Relief from Order Granting Request for Fees And Costs, seeking relief pursuant to Federal Rule of Civil Procedure 60(b)(1), incorporated by Fed. R. Bankr. P. 9024. AP #27. This motion averred "excusable neglect" as grounds for relief, on the basis that "[d]ue to an internal error, the [Motion For Attorney's Fees And Costs] was not calendared, and despite opposition . . . an objection was inadvertently not filed." *Id.* at 2. The Appellants/Guarantors further argued that they had a meritorious defense

to the Appellees/Landlords' request for fees and costs because there had been "no finding of an enforceable contract between the parties" and neither "the existence of the contract nor the enforceability of the contract" was at issue before the Bankruptcy Court. *Id.* at 4. As such, they claimed "there was no contractual basis for fees [and costs] to be awarded." *Id.*  In addition, they asserted – without support in a one-sentence footnote – that the fees and costs awarded were not reasonable and were disproportionate in the case. *Id.* at FN1. The Appellees/Landlords argued in their response that: 1) attorney negligence does not constitute excusable neglect; and 2) the Appellants/Guarantors did not have a meritorious defense to the "existence of a contract binding them to fees and costs or to the reasonableness of the award" by the Bankruptcy Court. AP #31. The Appellants/Guarantors did not file a reply.

The Bankruptcy Court denied the Appellants/Guarantors' request for Rule 60(b) relief on June 18, 2025. AP #38 (the "Order Denying Rule 60(b) Request"). The Bankruptcy Court ruled that even if counsel's failure to calendar the objections deadline constituted excusable neglect, the Appellants/Guarantors failed to identify a meritorious defense to the Motion for Attorney's Fees And Costs. *Id.* at 4. As a result of the Bankruptcy Court's ruling, judgment entered in favor of the Appellants/Guarantors on June 18, 2025. AP #39. The Appellants/Guarantors subsequently filed this appeal.

## IV. ANALYSIS

The Appellants/Guarantors challenge the Order Denying Rule 60(b) Request by asserting that the Bankruptcy Court's determination that they did not have a meritorious defense to the Appellees/Landlords' request for an award of fees and costs, based on provisions in the leases and guaranties, constituted error. The Appellants/Guarantors first argue that the Bankruptcy Court was without jurisdiction to determine the validity of the provisions in the leases and guaranties that constituted the basis for the award. The Appellants/Guarantors further argue that the Bankruptcy Court erred when ruling that their acknowledgments of the existence of the leases and guaranties amounted to judicial admissions that the provisions awarding fees and costs were enforceable here. Finally, they assert that their failure to obtain relief in the Adversary Proceeding – in the form of automatic stay protection as non-debtors – does not mean the Appellees/Landlords were "prevailing parties" within the scope of the applicable provisions of the leases and guaranties.

### A. Bankruptcy Court Ruling

The Bankruptcy Court denied the Appellants/Guarantors' Motion For Relief From Order Granting Request for Fees And Costs on that grounds that even if counsel's failure to calendar the objections deadline constituted excusable neglect under Rule 60(b), the Appellants/Guarantors failed to identify a meritorious defense to the Motion for Attorney's Fees And Costs "due to the judicial admissions that the leases and guaranties are enforceable made in the Complaint and Response to the

Motion to Dismiss." AP #38 at 4. In so ruling, the Bankruptcy Court first noted that the Appellants/Guarantors' "argument that the leases and guaranties are unenforceable was not raised in the Complaint or Response to the Motion to Dismiss and they have not provided any support for this new assertion." *Id.* at 5. Rather, the Appellants/Guarantors asserted in the Adversary Proceeding that "they were so contractually intertwined with the Debtor that the stay must be extended to the non-debtors." *Id.* at 5. The Bankruptcy Court further noted that the Appellants/Guarantors stated that: 1) "There is an indemnification obligation between the Debtor and the [Appellants/Guarantors,] such that a judgment against the [Appellants/Guarantors] would automatically become a judgment and claim against the Debtor," and 2) "While a guaranty obligation may exist, this argument wholly ignores the primary issue in the underlying litigation." *Id.* The Bankruptcy Court ruled that it relied on the judicial admissions made by the Appellants/Guarantors "that the leases and guaranties were enforceable in analyzing the issues in this case and granting the Motion to Dismiss [and they] are bound to their judicial admissions regarding the enforceability of the leases and guaranties." *Id.*

In addition, the Bankruptcy Court revisited the reasonableness of the fees, and found that:

> Despite having two opportunities to challenge the reasonableness of the fees, no such challenge has been made. The [Bankruptcy] Court independently reviewed the attorney's fees and costs for reasonableness prior to awarding them. The within adversary proceeding presented a unique question of law based . . . on the case law that required extensive legal research, involved multi-page leases and guaranty agreements, and involved eight parties,

including two [Appellees/Landlords]. The complaint was seven pages long and cited approximately six cases. In response, the [Appellees/Landlords] filed an eighty-nine-page motion to dismiss, which consisted of seven pages of argument, thirteen exhibits, and cited approximately thirteen cases. The [Appellants/Guarantors] filed a seven-page response which cited approximately eleven cases. The [Appellees/Landlords'] reply was seven pages and cited approximately seven cases. The hourly rate of [Appellees/Landlords'] counsel is within the scope of the fees charged in this district. In summary, the [Appellants/Guarantors] have failed to adequately dispute the reasonableness of the fees. AP #38 at 5.

## B. Jurisdiction

As a threshold matter, I first address the Appellants/Guarantors' claim that the Bankruptcy Court lacked subject matter jurisdiction to rule on the Appellees/Landlords' request for an award in their favor for the fees and costs they incurred to defend the Adversary Proceeding. Specifically, Appellants/Guarantors contend that the Bankruptcy Court is a court of limited jurisdiction, and that while it could make a determination as to whether they were entitled to an extension of the Debtor's automatic stay, its ruling awarding fees and costs to Appellees/Landlords resulted in an interpretation of the leases and guaranties which, they argue, was not a question before the Bankruptcy Court and thus was outside of its limited jurisdiction.

Pursuant to 28 U.S.C. § 1334, bankruptcy courts have only the limited jurisdiction and powers expressly or by necessary implication granted by Congress. *Gardner v. United States*, 913 F.2d 1515, 1517 (10th Cir. 1990) (citation omitted). Bankruptcy courts may hear and determine all cases, as well as all "core proceedings," arising under Chapter 11. 28 U.S.C. § 157(b)(1). Core proceedings are proceedings which involve rights created by bankruptcy law, or which would arise

in a bankruptcy case. *Id.* at 1518; 28 U.S.C. § 157(2)(A)-(O) (listing matters included within core proceedings). In addition, bankruptcy courts also have jurisdiction over proceedings that are not core proceedings but are otherwise "related to" a case under Chapter 11. *Id.* (citing *Personnette v. Kennedy (In re Midguard Corp.)*, 204 B.R. 764, 771 (10th Cir. BAP 1997); *Celotex Corp. v. Edwards*, 514 U.S. 300, 308 n. 5, 115 S.Ct. 1493, 131 L.Ed.2d 403 (1995) (citation omitted) (indicating that the bankruptcy court's related-to jurisdiction includes "suits between third parties which have an effect on the bankruptcy estate")).

The Appellants/Guarantors asserted in their Adversary Proceeding Complaint that it "arises in and is related to the Debtor's case pending before this Court under Chapter 11 of the Bankruptcy Code," and that "[t]his action is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A),(G), and (K)." AP #1 at 2. In addition, their Adversary Proceeding Complaint averred that the Bankruptcy Court "has jurisdiction over this Complaint and the causes of action asserted herein pursuant to 28 U.S.C. § 1334(b)." *Id.* The Appellants/Guarantors now contend that the question of the validity of the provisions in the leases and guaranties that allow for an award of costs and fees to a prevailing party was not at issue before the Bankruptcy Court, and thus the determination that the provisions provided a basis for the award in favor of the Appellees/Landlords was outside of the Bankruptcy Court's jurisdiction. I disagree.

The Appellants/Guarantors specifically availed themselves of the Bankruptcy Court by filing the Adversary Proceeding here. And, in so doing, they asked for a

determination as to whether there was a basis to also extend the automatic stay to them, as non-party debtors, grounded in their legal relationship with the Debtor. The basis for this request was an identity of interests created by the leases and guaranties. As such, the Appellants/Guarantors requested a Bankruptcy Court determination of this core proceeding which encompassed and presumed the enforceability of the underlying leases and guaranties. *See generally Mercury Companies, Inc. v. FNF Sec. Acquisition, Inc.*, 460 B.R. 778, 784 (D. Colo. 2011) (denying a party's request to withdraw from an adversary proceeding after "repeatedly manifested their consent to the authority of the Bankruptcy Court to enter orders and judgment in the Adversary Proceeding").

Under the circumstances here, I conclude that the award of fees and costs, as provided by provisions in the leases and guaranties, was part and parcel of the core proceeding sought out by the Appellants/Guarantors in the Adversary Proceeding, which gave the Bankruptcy Court jurisdiction to consider the request for fees and costs by the Appellees/Landlords. *See generally Republic Bank of Chicago v. Desmond*, 579 B.R. 466, 488 (N.D. Ill. 2016) (ruling that the bankruptcy court possessed jurisdiction to consider the trustee's claim for all categories of damages under the lease, including attorney's fees and costs in defending against adversary proceeding claims and in enforcing the estate's rights under the lease); *In re Plaza Healthcare Ctr. LLC*, No. 8:14-AP-01297-CB, 2017 WL 1281871, at *5 (Bankr. C.D. Cal. Feb. 1, 2017) (unpublished) (providing a recommendation to the district court

for an order awarding fees and costs to the prevailing party of an adversary proceeding that granted declaratory relief under a real property lease).

### C. Applicable Standards of Review

When reviewing a bankruptcy court's decision, the district court functions as an appellate court and, as such, normally reviews the bankruptcy court's legal conclusions *de novo* and its factual findings for clear error. 28 U.S.C. § 158(a); *In re Warren*, 512 F.3d 1241, 1248 (10th Cir. 2008).

In their opening brief here, the Appellants/Guarantors assert that the Bankruptcy Court committed "clear error" in interpreting the leases and guaranties to determine that the Appellees/Landlords were entitled to an award of their fees and costs. ECF #13 at 9. ECF #20 at 5, 8, 12. However, they also claim that the Bankruptcy Court's "determinations regarding the judicial admissions are reviewed for abuse of discretion." ECF #13 at 6 (citing *Wells Fargo Bank, N.A. v. Mesh Suture, Inc.*, 31 F.4th 1300, 1313 (10th Cir. 2022)). And they further assert that the Bankruptcy Court's "interpretation of the [leases and guaranties] is a question of law that is reviewed *de novo*." *Id.* (citing *Morrison Knudsen Corp. v. Ground Improvement Techniques, Inc.*, 532 F.3d 1063, 1069 (10th Cir. 2008)).

Because the order on appeal here is the Order Denying 60(b) Relief, challenges to the Bankruptcy Court's determinations therein are generally reviewed for an abuse of discretion. *Servants of Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000) (ruling that review of the denial of a Rule 60(b) motion is for abuse of discretion, as such "motion is not intended to be a substitute for a direct appeal")

(citing *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 576 (10th Cir.1996)). An appeal from a denial of a Rule 60(b) motion "addresses only the . . . court's order denying the motion, and not the underlying decision itself." *Servants of Paraclete v. Does, supra,* 204 F.3d at 1009 (citing *Stubblefield v. Windsor Cap. Grp.*, 74 F.3d 990, 994 (10th Cir. 1996)); *see also Lebahn v. Owens*, 813 F.3d 1300, 1306 (10th Cir. 2016) (indicating that a Rule 60(b) motion is not an appropriate vehicle to advance new arguments or supporting facts that were available but not raised at the time of the original argument). Thus, to the extent that Appellants/Guarantors assert error in the underlying Order Granting Request for Fees And Costs, AP #26, such argument was not presented or made to the Bankruptcy Court in the Adversary Proceeding. And because any such argument constitutes a legal theory that was not raised before the Bankruptcy Court, it is either: 1) "waived" and thus not preserved for appellate review because it was intentionally relinquished or abandoned; or 2) "forfeited" when, alternatively, the theory is not raised via neglect and, thus, is reviewed for plain error. *Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1128 (10th Cir. 2011) (citations omitted).

Therefore, in summary, the Appellants/Guarantors' challenges to the Bankruptcy Court's determinations and decisions reached in its Order Denying 60(b) Relief, AP #38, are reviewed here for an abuse of discretion. *See Saggiani v. Strong*, 569 B.R. 807, 811 (D. Utah 2017), *aff'd* 718 F. App'x 706 (10th Cir. 2018) (unpublished) (indicating that the denial of a Rule 60(b) motion by a bankruptcy court is reviewed for abuse of discretion). To the extent the Appellants/Guarantors

assert error in the Bankruptcy Court's underlying Order Granting Request for Fees And Costs, AP #26, such claims are either waived and not addressed, or deemed forfeited and, as such, reviewed for plain error only. *See In re Munoz*, 592 B.R. 736, 748 (D. Colo. 2018), *aff'd in part, appeal dismissed in part*, 784 F. App'x 653 (10th Cir. 2019) (unpublished) (ruling that waived theories are not addressed, and although forfeited theories may be entertained on appeal, reviewing courts will reverse judgment "on the basis of a forfeited theory only if failing to do so would entrench a plainly erroneous result") (citing *United States v. Zubia-Torres*, 550 F.3d 1202, 1205 (10th Cir. 2008)).

### D. Enforceability of Leases and Guaranties

The Appellants/Guarantors' primary challenge to the Order Denying Rule 60(b) Request is that the Bankruptcy Court erred when finding that they had no meritorious defense to the Motion for Attorney's Fees And Costs filed by the Appellees/Landlords "due to the judicial admissions that the leases and guaranties are enforceable made in the Complaint and Response to the Motion to Dismiss." AP #38 at 4. Specifically, the Appellants/Guarantors assert that their *acknowledgment* of the existence of the leases and guaranties when seeking an extension of the Debtor's stay via this Adversary Proceeding, did not constitute judicial admissions of their *validity and enforceability.*

In ruling on the Rule 60(b) motion, the Bankruptcy Court addressed the "important consideration" of "whether the moving party's underlying claim is meritorious." AP #28 at 4 (citing *Jennings v. Rivers*, 394 F.3d 850, 857 (10th Cir.

2005); *Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444-45 (10th Cir. 1983) (noting that in order to avoid frivolous litigation in default judgment cases, courts have established the further requirement that a movant demonstrate the existence of a meritorious defense)). *See also In re Boydstun*, No. BAP WO-19-020, 2020 WL 241492, at *6 (B.A.P. 10th Cir. Jan. 16, 2020) (unpublished). When ruling that the Appellants/Guarantors had no meritorious defense due to their judicial admission that the leases and guaranties were enforceable, the Bankruptcy Court relied on the following provisions as a contractual basis for an award of fees and costs. AP #38. First, it noted that the Westminster Guaranties provided that:

> Guarantor hereby irrevocably waives any and all rights that it may otherwise have at law or in equity, to enjoin, interfere with, restrict or limit, in any way whatsoever, any demand or any payment to Landlord under the Lease or this Guaranty. If Guarantor, or any person or entity on Guarantor's behalf or at Guarantor's discretion, brings any proceeding or action to enjoin, interfere with, restrict, or limit, in any way whatsoever, anyone or more demands or payments under the Lease or this Guaranty, Guarantor shall be liable for any and all direct, indirect, consequential, special, and punitive damages resulting therefrom or arising in connection therewith, including, without limitation, reasonable attorney's fees and costs. *Id.* at 2 (citing AP #24-4, -5 & -6 ¶3).

The Bankruptcy Court also noted they provided that:

> Guarantor shall pay to Landlord all of Landlord's out-of-pocket expenses incurred in enforcing this Guaranty, including, but not limited to reasonable attorney's fees. *Id.* ¶10.

The Bankruptcy Court also relied on the Appellants/Guarantors' allegations in their Adversary Proceeding Complaint, which provided that:

> 1. The [Westminster and Broadway Leases] were assumed liabilities as part of the asset purchase agreement.
>
> 2. At the time of [Appellee Broadway & Ellsworth] bringing its lawsuit, [Appellants Zip Clinic and Rock Oak Capital] were guarantors on the [Broadway] Lease.
>
> 3. At the time of [Appellee TAZ3] bringing its lawsuit, [Appellants Zip Clinic, Velocity Practice, and Dr. David Stern] were guarantors on the [Westminster] Lease.
>
> 4. All of the claims asserted in the [state court cases] arise exclusively from the Debtor's alleged breach of the respective leases after the conclusion of the sale and after the assumption of the leases and the liabilities related thereto by the Debtor, and at a time when [Appellants/Guarantors] were only Guarantors on the leases. AP #38 at 3.

The Bankruptcy Court went on to determine that:

> The [Appellants/Guarantors'] Complaint argued that they were so contractually intertwined with the Debtor that the stay must be extended to the non-debtors. The [Appellants/Guarantors'] Response to the [Appellees/Landlords'] Motion to Dismiss stated, 'There is an indemnification obligation between the Debtor and the [Appellants/Guarantors], such that a judgment against the [Appellants/Guarantors] would automatically become a judgment and claim against the Debtor.' *Id.* at 5 (citation to the record omitted).

In addition, the Bankruptcy Court found that:

> The [Appellants/Guarantors] further conceded the validity of the leases and guaranties by stating, 'While a guaranty obligation may exist, this argument wholly ignores the primary issue in the underlying litigation.' *Id.* (citation to the record omitted).

In conclusion, the Bankruptcy Court indicated that it:

> relied on the judicial admissions made by the [Appellants/Guarantors] that the leases and guaranties were enforceable in analyzing the issues in this case and granting the Motion to Dismiss. The [Appellants/Guarantors] are bound to their judicial admissions regarding the enforceability of the leases and guaranties. *Id.*

I first address the Appellees/Landlords' assertion that because the Appellants/Guarantors failed to file adequate opposition to its legal arguments in the Bankruptcy Court, its claim of error here was not preserved for appellate review. ECF #19 at 7. As noted by the Bankruptcy Court, the Appellants/Guarantors' argument that the leases and guaranties "are unenforceable was not raised in the Complaint or [in] Response to the Motion to Dismiss, and they have not provided any support for this new assertion" when failing to reply to the Appellees/Landlords' Response To Motion For Relief [pursuant to Rule 60(b)] From Order Granting Fees And Costs, AP #38 at 4-5, which asserted that the Appellants/Guarantors' Complaint "acknowledges as fact that the leases and guaranties not only exist, but that they are binding on the parties" and, thus, "they pled themselves out of a meritorious defense in this adversary proceeding from the onset." AP #31 at 4-5. And because the enforceability of the leases and guaranties was not preserved for review on appeal, the Appellees/Landlords maintain that the Bankruptcy Court's ruling that there was no meritorious defense based on the Appellants/Guarantors' judicial admissions of the validity and enforceability of the leases and guaranties must be reviewed under a plain error standard. ECF #19 at 8 (citing *Richison v. Ernest Grp., supra*, 634 F.3d at 1128).

I agree that the Appellants/Guarantors' failure to reply to these arguments effectively failed to preserve the issue for review on appeal. Nonetheless, because I conclude that the determination that the Appellants/Guarantors "conceded the validity of the leases" did not rise to the level of an abuse of its discretion, I find no

error here by the Bankruptcy Court in ruling that they "are bound to their judicial admissions regarding the enforceability of the leases and guaranties." AP #38 at 5.

As discussed above, my review of the Bankruptcy Court's Rule 60(b) determination as to whether the Appellants/Guarantors had a meritorious defense to the Appellees/Landlords' request for an award of fees and costs, based on provisions in the leases and guaranties, is for abuse of discretion. Under the abuse of discretion standard, "a trial court's decision will not be disturbed unless the appellate court has a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *In re C.W. Mining Co.*, 431 B.R. 307 (B.A.P. 10th Cir. 2009), aff'd, 625 F.3d 1240 (10th Cir. 2010). The abuse of discretion standard provides that while a Bankruptcy Court had discretion to grant relief under Rule 60(b), such relief is "extraordinary and may only be granted in exceptional circumstances." *Servants of Paraclete v. Does, supra*, 204 F.3d at 1009 (citing *Federal Deposit Ins. Corp. v. United Pac. Ins. Co.*, 152 F.3d 1266, 1272 (10th Cir. 1998)). A court does not abuse its discretion unless its decision is "arbitrary, capricious, whimsical, or manifestly unreasonable." *Id.*

When filing their Adversary Proceeding at issue here, the Appellants/Guarantors necessarily relied upon the existence and enforceability of the leases and guaranties. Both their Adversary Proceeding Complaint, and their Opposition to Appellees/Landlords' ultimately successful Motion to Dismiss, are grounded on the presumption that enforceability of the leases and guaranties

served as a basis for their requested relief, in the form of an extension of the stay of the state court cases that, in turn, sought damages for breaches of those leases and guaranties. I am not persuaded by the Appellants/Guarantors' argument here that statements in the Complaint only addressed their "attempts" to establish liability in connection with the alleged breaches of the leases, and do not constitute deliberate and clear statements that were sufficient to rise to the level of a judicial admission that the leases and guaranties were enforceable. ECF #13 at 12-14. ECF #20 at 8-11. Rather, as argued by the Appellees/Landlords, the Appellants/Guarantors did not dispute the validity of the leases and guaranties, but instead expected and relied upon their enforceability as a basis for bringing this Adversary Proceeding. *See generally Rios v. Redding*, No. 21-1060, 2022 WL 842749 (10th Cir. Mar. 22, 2022) (unpublished) (noting that "[a]llegations in a complaint are binding admissions, and admissions can of course admit the admitter to the exit from the courthouse") (quoting *Jackson v. Marion Cnty.*, 66 F.3d 151, 153-54 (7th Cir. 1995)).

As the Bankruptcy Court noted, "'[j]udicial admissions are 'formal, deliberate declarations which a party or his attorney makes in a judicial proceeding for the purpose of dispensing with proof of formal matters or of facts about which there is no real dispute.'" AP #38 at 4 (citing *U.S. Energy Corp. v. Nukem, Inc.*, 400 F.3d 822, 833 n.4 (10th Cir. 2005)). And true judicial admissions are binding on the entirety of the case in which they were made. *Id.* (citing *Asarco, Ltd. Liab. Co. v. Noranda Mining, Inc.*, 844 F.3d 1201, 1212 n.3 (10th Cir. 2017)). Because I find that the determination that the Appellants/Guarantors' legal assertions in the

Adversary Proceedings were judicial admissions that the leases and guaranties were enforceable was not arbitrary, capricious, whimsical, or manifestly unreasonable, I find no abuse of the Bankruptcy Court's discretion. *Servants of Paraclete v. Does, supra*, 204 F.3d at 1009. And, as such, I conclude that the Bankruptcy Court's ruling that Appellants/Guarantors had no meritorious defense to the underlying Motion for Attorney's Fees and Costs, filed by the Appellees/Landlords, should be upheld. *See generally Saggiani v. Strong, supra,* 569 B.R. at 811 (indicating that upon review of a Rule 60(b) denial, the movant must show both "justification for relief" under the rule, as well as "a meritorious defense," and that the denial constituted an abuse of discretion).

### E.  Appellees/Landlords were Not Prevailing Parties

Finally, I address the Appellants/Guarantors' claim that their failure to obtain relief from the Bankruptcy Court, in the form of automatic stay protection as non-debtors, cannot support a determination that the Appellees/Landlords were the "prevailing parties." Specifically, they contend that the Adversary Proceeding here is outside of the scope of the plain language of the prevailing party clauses in the Westminster and Broadway leases because it was a "litigation matter that has no relationship with the enforceability . . . or breaches under" the leases. ECF #13 at 15-17. *See also* ECF #20 at 11-12. The Appellees/Landlords argue, in response, that the Appellants/Guarantors' prevailing party argument was not raised in the Bankruptcy Court and, thus, it is not reviewable here as it was waived. ECF #19 at 17-19.

First, to the extent the Appellants/Guarantors are challenging a prevailing party determination made by the Bankruptcy Court in the underlying Order Granting Request for Fees and Costs, AP #26, that ruling is not at issue in this appeal. *See Servants of Paraclete v. Does, supra*, 204 F.3d at 1009 (ruling that an appeal from a denial of a Rule 60(b) motion "addresses only the . . . court's order denying the motion, and not the underlying decision itself"). To the extent that the Appellants/Guarantors are asserting that their prevailing party argument constituted a meritorious defense to the award of fees and costs in favor of the Appellees/Landlords, such argument was not made in their Motion For Relief From Order Granting Fees And Costs, AP #27, and they did not file a reply to the Appellees/Landlords' response. While the Appellants/Guarantors argued in the Bankruptcy Court that they had a meritorious defense to the Appellees/Landlords' request for fees and costs – in that they asserted that the enforceability of the leases and guaranties was not the issue before the Bankruptcy Court and, as such, there was no contractual basis for a fees and costs award – they did not assert that they had a meritorious defense based on the fact that the Appellees/Landlords were not the prevailing party, or that the scope of the relevant fee-shifting provisions in the lease and guaranties were not applicable to this Adversary Proceeding. AP #27. As such, the Appellants/Guarantors' challenge to the Bankruptcy Court's prevailing party determination has been waived and cannot be reviewed on appeal. *In re Syngenta AG MIR 162 Corn Litig.*, 61 F.4th 1126, 1182 (10th Cir. 2023) (ruling that

"whether issues should be deemed waived [upon appellate review] is a matter of discretion") (citing *United States v. Walker*, 918 F.3d 1134, 1153 (10th Cir. 2019)).

At best, the prevailing party argument has been forfeited (as opposed to intentionally relinquished or abandoned) by the Appellants/Guarantors and, thus, is reviewable for plain error only. *Richison v. Ernest Grp.*, *supra,* 634 F.3d at 1128 (ruling that courts may entertain forfeited theories on appeal, but will reverse only if failing to do so would entrench a plainly erroneous result). "To succeed on a plain error review [in a civil case], the challenging party must demonstrate (1) an error (2) that is plain, meaning clear or obvious under current law, and (3) affecting substantial rights." *In re Munoz*, *supra*, 592 B.R. at 748 (quoting *Royal Maccabees Life Ins. Co. v. Cheren,* 393 F.3d 1175, 1180 (10th Cir. 2005)). If these elements are satisfied, the Court "may exercise discretion to correct the error if it seriously affects the fairness, integrity, or public reputation of judicial proceedings." *In re Munoz*, *supra,* 592 B.R. at 748.

The Appellants/Guarantors assert, in their reply brief, that they have "met the plain error standard through their opening brief" in that they "clearly established the issues on appeal and the error related to such issues on appeal, the evident nature of the error, and the right that was effected as a result of the error," ECF #20 at 5. This unsupported assertion, without more, is insufficient to find a showing of plain error. *In re Wyo. Cnty. Builders, LLC*, 514 B.R. 719 (B.A.P. 10th Cir. 2014) (declining to hear a claim of error when it was not raised in the bankruptcy court, and the appellant failed to show plain error on review).

Furthermore, the Bankruptcy Court's determination that the Appellees/Landlords were contractually entitled to their fees and costs when defending the Adversary Proceedings, based on the leases and the prevailing party clauses in the Westminster Guaranties, did not amount to clear or obvious error under current law. The Appellants/Guarantors' argument that the Adversary Proceeding does not fall within the scope of the prevailing party definition is based on the Broadway Lease (AP #24-2 ¶17-8 proving that "[i]f litigation is ever instituted . . . to enforce, or to seek damages for the breach of, any provision hereof, the prevailing party therein shall be promptly reimbursed by the other party for all attorneys' fees reasonably incurred by the prevailing party in connection with such litigation") and the Westminster Lease (AP #24-1 ¶22.11 providing that "[in] the event of any litigation . . . between the parties relating to this Lease . . . (including any pretrial, trial, appellate, administrative, bankruptcy or insolvency proceedings) the prevailing party shall be awarded . . . all attorneys' fees, costs, and expenses incurred in connection with such litigation"). These provisions do not preclude an award of fees and costs in defending the Adversary Proceeding here, and the Bankruptcy Court's ruling was supported by language in the Westminster Guaranties. AP #38 at 2. Additionally, Appellants/Guarantors do not argue – nor can they – that the alleged error seriously affected the fairness, integrity, or public reputation of judicial proceedings. *In re Wyo. Cnty. Builders, supra*, 514 B.R. at 721 (ruling that because the alleged error "affects only the rights of these parties," the appellant failed to establish that it seriously affected the fairness, integrity, or

public reputation of judicial proceedings). In conclusion, I note that there are no "exceptional circumstances" that would warrant a finding of plain error. *In re Munoz, supra*, 592 B.R. at 748 (indicating that although plain error is "not to be equated with any detectable error," it is an "an extraordinary, nearly insurmountable burden") (citations omitted).

Because the Appellants/Guarantors' argument that the Adversary Proceeding here is outside of the scope of the plain language of the prevailing party clauses in the leases and guaranties was either waived or, alternatively, they failed to demonstrate that the Bankruptcy Court committed plain error, I reject their claim of error here on appeal.

## V. CONCLUSION

As set forth above, I have ruled that the Bankruptcy Court had jurisdiction to consider and determine the Appellees/Landlords' request for attorney's fees and costs. Moreover, because the Bankruptcy Court did not abuse its discretion when ruling that the Appellants/Guarantors' legal assertions in the Adversary Proceedings were judicial admissions that the leases and guaranties were enforceable, and because the Appellants/Guarantors either waived or failed to show that the Bankruptcy Court committed plain error with regard to their prevailing party argument, I affirm the Bankruptcy Court's Order Denying Rule 60(b) Request. AP #38.

ACCORDINGLY, for the foregoing reasons, I AFFIRM the Bankruptcy Court's Order dated June 18, 2025, denying the Appellants' Motion For Relief From Order Granting Fees And Costs. AP #38, ECF No. 1-1.

Dated: June 18, 2026 in Denver, Colorado.

BY THE COURT:

s/Lewis T. Babcock

LEWIS T. BABCOCK, JUDGE